IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 0:04-23136-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | DECREE OF FORECLOSURE AND SALE |
| ROOSEVELT HAYES, MARTHA C. ) | |
| HAYES AND GENERAL MOTORS ) | |
| ACCEPTANCE CORPORATION, ) | |
| ) | |
| Defendant(s). ) | |

This is an action by the United States of America for the foreclosure of two real estate mortgages, and other relief, pertaining to property located in Chester County, South Carolina; one mortgage was executed by John E. McClinton and Vera P. McClinton, and one mortgage was executed by Roosevelt Hayes and Martha C. Hayes to the United States of America, through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, an agency of the plaintiff.

On January 2, l98l Roosevelt Hayes and Martha C. Hayes executed an Assumption Agreement whereby they assumed the indebtedness of John E. McClinton and Vera P. McClinton as evidenced by the note and mortgage described in the Complaint.

Upon reading the Affidavit of Robert F. Daley, Jr., Assistant United States Attorney, the plaintiff's attorney of record, and after due consideration thereof and the record in the case, I hereby find and conclude as to plaintiff's Complaint, as follows:

1. This action was commenced by the filing of a Summons and Complaint on

December l, 2004, and service was duly made on the defendants pursuant to law and as shown by the Affidavits of Service and/or other documents on file herein. The defendants are now in default, as appears from the affidavit of plaintiff's attorney, filed herein. I find that the allegations of the Complaint are true and correct; that the statements contained in the default affidavit are true and correct and are supported by the exhibits of record in the case. The mortgagors-defendants, Roosevelt Hayes and Martha C. Hayes, as of February l0, 2004 are indebted to plaintiff in the amount of $6,750.46, which amount includes principal, interest, as well as other advances; and, plaintiff is entitled to daily interest accrual from the above stated date in the amount of $l.38l9 for each day, and any other advances thereafter paid for preservation of the mortgaged property, as provided under the terms of the mortgages. Findings herein as to the amount of judgment are based on and in reliance upon plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit C, all on file herein. The Lis Pendens was filed in the office of the Clerk of Court for Chester County, South Carolina, on December 20, 2004 in accordance with §§ 15-11-10 and 15-11-20, Code of Laws of South Carolina (1976). No petition for intervention has been filed.

      2. This Court has jurisdiction of the subject matter and of the parties to this case; and the plaintiff is entitled to have its mortgages foreclosed and the property sold, and the proceeds applied as set forth herein; said property is described as

> All that certain piece, parcel or tract of land, with improvements thereon, lying, being and situate in the County of Chester, State of South Carolina, approximately six (6) miles west of the Town of Fort Lawn, on the western side of S.C. Highway No. 99 about three-tenths (3/l0) of a mile south of S.C. Highway No. 9, being designated as Lot 7 and having such courses and distances, metes and bounds as are shown on that plat by Paul Clark, R.L.S., dated August l7, l970, recorded in the office of the Clerk of Court for Chester County, S.C., in Plat Book "O" at Page l2.

> Being the identical property conveyed to Roosevelt Hayes and Martha C. Hayes by deed of John E. McClinton and Vera P. McClinton dated December l5, l980 and recorded January 29, l98l in the office of the Clerk of Court for Chester County, South Carolina in Deed Book 508 at Page 52l.

3. As between the parties to this action, the plaintiff's mortgages constitute a first and second lien upon the real estate hereinabove described.  Defendant General Motors Acceptance Corporation has a valid lien upon the real estate hereinabove described junior to plaintiff's mortgage.

4. Plaintiff not having affirmatively sought a deficiency judgment, the bidding will not stay open for the customary thirty (30) days following the sale.

5. In light of the preceding findings and conclusions, I further find and conclude that plaintiff is entitled to the relief sought in its Third Cause of Action.

NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

1. The defendants, Roosevelt Hayes and Martha C. Hayes, as of February l0, 2004 are indebted to plaintiff in the amount of $6,750.46, which amount includes principal, interest, as well as other advances; and, plaintiff is entitled to daily interest accrual from the above stated date in the amount of $l.38l9 for each day, and other charges accruing thereafter under the terms of the mortgages.

2. Plaintiff shall have judgment of foreclosure of its mortgages against the defendants, and the defendants, and all persons claiming by, through, or under them, are hereby forever barred from all right, title, interest and equity of redemption in and to the mortgaged premises hereinabove described, or to any part thereof.

3

3. The United States Marshal or a duly authorized Deputy, after having advertised for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. § 2002, shall sell the mortgaged premises described in the Complaint subject to ad valorem taxes at public auction before the door of the Chester County Courthouse at the usual hour of public sale on any convenient date set by the Marshal and stated in the published notice of sale.

4. In conducting the sale, the United States Marshal or a duly authorized Deputy shall require the highest bidder, other than the plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith. (The balance of the bid shall be paid in cash, by certified check or cashier's check.) If the plaintiff is the successful bidder at the sale, the amount due on its mortgage may be used as the equivalent of cash. Should the person making the highest bid at the sale fail to comply with the terms of the bid by depositing the said five percent (5%) in cash, then the premises shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the selling officer may find convenient and advantageous. Should the last and highest bidder fail to comply with the terms of the bid within ten (10) days of the final acceptance of the bid, the entire deposit shall be forfeited, and the selling officer shall readvertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers of the Sheriff in conducting the sale. It is in the interest of justice that the sale be conducted to yield the best price through free, fair, and competitive bidding. Any act that appears to prevent a free, fair, and open sale or to suppress the bidding or otherwise adversely affects the sale, will not be allowed. If such an act occurs, then the sale will be halted. Further, the individual

or individuals who perform any act which appears to contribute to the sale being halted or otherwise adversely affected, may be charged with contempt of court, to be sanctioned accordingly, including but not limited to paying for the costs and expenses of the scheduled sale.

   6. Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal or Sheriff of the county where the property is located.

   7. The proceeds of the sale shall be applied first to the costs and disbursements of this action and the expenses of the sale; second, to the payment and discharge of the amount herein found due the plaintiff; and should any of the proceeds thereafter remain, the balance shall be held until further order of this Court.

   8. After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagors, or persons in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagors, or other persons, to vacate the premises the United States Marshal or Sheriff of the county where the property is located is authorized and empowered to enter upon the premises, and evict them therefrom. The United States Marshal (or deputy) or Sheriff of the county where the property is located is also authorized to remove from the premises any furniture or other possessions of the mortgagors, or other persons in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

           s/Cameron McGowan Currie
           UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

July 11, 2005